2011 WY 140
BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner,
v.
KEVIN P. MEENAN, Attorney No. 5-1835, Respondent.
No. D-04-1.
Supreme Court of Wyoming. October Term, A.D. 2011.
October 5, 2011.

ORDER REINSTATING ATTORNEY TO THE PRACTICE OF LAW
MARILYN S. KITE, Chief Justice.
[¶1] This matter came before the Court upon a "Report and Recommendation for Reinstatement," filed herein September 7, 2011, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation, "Bar Counsel's Brief Regarding Reinstatement in Cases Involving Disbarment Following a Felony Conviction," as well as the other matters of record, finds that it should accept the Board's recommendation and that Respondent Kevin P. Meenan should be reinstated to the practice of law. It is, therefore,
[¶2] ADJUDGED AND ORDERED that the "Report and Recommendation for Reinstatement," filed herein by the Board of Professional Responsibility for the Wyoming State Bar, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further
[¶3] ADJUDGED AND ORDERED that Kevin P. Meenan shall be, and hereby is, reinstated to the practice of law in this State, effective immediately; and it is further
[¶4] ORDERED that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this "Order Reinstating Attorney to the Practice of Law," along with the "Report and Recommendation for Reinstatement" shall be published in the Wyoming Reporter and the Pacific Reporter.
[¶5] DATED this 5th day of October, 2011.

BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY WYOMING STATE BAR STATE OF WYOMING
 In the matter of )
 KEVIN P. MEENAN )
 ) Docket No. 2011-118
 WSB Attorney No. 5-1835 )
 Respondent )

REPORT AND RECOMMENDATION FOR REINSTATEMENT
The Board of Professional Responsibility, having considered Respondent's petition for reinstatement, his affidavit in support thereof, and Bar Counsel's written stipulation for such reinstatement, makes the following Report and Recommendation to the Supreme Court of Wyoming:

FINDINGS OF FACT
1. Respondent was admitted to the Wyoming State Bar in 1980 and practiced law continuously in Wyoming until February 24, 2004. His Wyoming State Bar Attorney Number was 5-1835.
2. Respondent was the respondent in Disciplinary Action No. 2003-25. Further, following Stipulation and Consent to Disbarment, Respondent was disbarred from the active practice of law by the Wyoming Supreme Court on February 24, 2004 by Order of Disbarment entered in Case No. D-04-1.
3. Within fifteen (15) days of the Final Order imposing the disbarment discipline, Respondent complied fully with Rule 22 of the Wyoming Disciplinary Code, as evidenced by Respondent's Affidavit filed with the Wyoming Supreme Court and Board of Professional Responsibility on March 25, 2004.
4. The above-referenced Disciplinary Action resulted from criminal charges alleged in the Seventh Judicial District Court against Respondent, filed as Criminal Action No. 15959-V. Respondent plead guilty and was convicted on February 20, 2004 of one (1) count of Forgery, a felony, in violation of W.S. §6-3-602 (a)(ii)(iii) and (b); and one (1) count of Official Misconduct, a misdemeanor, in violation of W.S. §6-5-107(a) and §9-1-802(c). Further, Respondent entered a plea to one (1) count of Unauthorized Use of Personal Identifying Information, a felony, in violation of W.W. §6-3-901(a) and (c)(ii), but proceedings were suspended under the provisions of W.S. §7-13-301. By Judgment and Sentence entered by the Honorable Keith G. Kautz, District Judge, Respondent was placed on two (2) years of supervised probation, which required, among other conditions, that Respondent complete 200 hours of community service.
5. Respondent complied fully with the terms of the Judgment and Sentence and Probation imposed. Specifically, on March 9, 2006 an Order for Discharge from Probation was entered by Judge Kautz discharging Respondent from Probation. Further, on March 17, 2006, an Order for Dismissal was entered dismissing the Unauthorized Use of Personal Identifying Information count, pursuant to W.S. §7-13-301.
6. On August 31, 2010, Wyoming Governor David D. Freudenthal issued a Pardon and Restoration of Rights granting Respondent a full pardon and restoring all civil rights and privileges of citizenship lost by Respondent.
7. More than five (5) years have passed since the Final Order of Disbarment was filed on February 24, 2004, yet not more than three (3) years have passed since February 24, 2009, when Respondent became eligible to seek reinstatement pursuant to Rule 24(i) of the Wyoming Disciplinary Code.
8. Respondent has submitted an affidavit setting forth the following factual basis for his petition for reinstatement:
a) Respondent has taken full responsibility for his actions and accepted the public, professional and criminal consequences of them, complying fully with all sanctions and conditions imposed by the District Court, Supreme Court and Wyoming Department of Probation and Parole;
b) Respondent recognizes fully that by his actions and poor choices, he put his colleagues, the investigators, the Special Prosecutor and sentencing judge in difficult positions given the public position Respondent held in 2003. Further, he expressed at the time, and continues to feel, remorse for the difficulty he caused his family, the community and the Wyoming State Bar by his actions;
c) Respondent holds no feeling of malice or ill will to those who were compelled by duty to bring about the investigation, charges, sentencing or disciplinary proceedings against Respondent;
d) Respondent acknowledges and accepts that his actions and betrayal of trust caused his family much pain and suffering, both privately and through the extensive publicity surrounding the case. Respondent's wife, four children and family, however, have always been close and loving, have worked through all the difficulties and have a strong and loving relationship today.
e) Respondent acknowledges that his poor handling of his family's finances contributed to the circumstances that led to Respondent's discipline. After suffering the devastating consequences of his actions, Respondent and his wife have worked hard to establish financial stability and security and jointly share in the financial decision-making to ensure that they meet their financial obligations responsibly.
f) Respondent intends to continue to conduct himself in an exemplary fashion in the future and assures the Bar and Court that he will be a productive and honorable member of the Bar if he is privileged to be reinstated to active membership.

CONCLUSIONS OF LAW
9. The evidence submitted in support of Respondent's petition for reinstatement, consisting of Respondent's affidavit and numerous letters of support, satisfies Respondent's burden of proving, by clear and convincing evidence, the following:
a) That Respondent has been rehabilitated.
b) That Respondent has substantially complied with all requirements imposed by the Court.
c) That Respondent has the character and fitness qualifications to practice law in Wyoming.
d) That Respondent is competent to practice law in Wyoming.
e) That Respondent's resumption of the practice of law will not be detrimental to the administration of justice or to the public interest.

RECOMMENDATION TO THE SUPREME COURT OF WYOMING
Based upon the foregoing findings, the Board of Professional Responsibility recommends that Respondent's petition for reinstatement pursuant to Section 24 of the Disciplinary Code of the Wyoming State Bar be granted.
DATED this 1st day of September, 2011.
 Francis E. Stevens, Chair
 Board of Professional Responsibility
 Wyoming State Bar